2003 VT 95

**STATE of Vermont v. Andreas FORSBERG**

**State of Vermont v. Roy M. Rheaume**

[834 A.2d 721]

Nos. 02-328 & 02-400

¶ 1. October 6, 2003. On August 29, 2003, Franklin County State's Attorney James Hughes was ordered to appear before this Court and show cause why he should not be sanctioned under V.R.A.P. 42(b) for failing to assure that the attorneys in his office filed briefs in a timely manner in the above cases. In *State v. Forsberg*, the Franklin County State's Attorney's Office filed its brief more than six months after appellant's brief was filed, and more than four months after the deadline set by this Court in a progress order. The brief was filed only after appellant filed a motion for summary reversal in that case. In *State v. Rheaume*, which raised state constitutional issues, the Franklin County State's Attorney's Office did not file a brief until a staff attorney from this Court called to inquire about the brief — more than six months after appellant's brief was filed, and more than a month after the date stipulated by the parties for the filing of the brief.

¶ 2. The late briefing from the Franklin County State's Attorney's Office raised particular concerns because less than two years earlier Attorney Hughes and one of his deputies, Attorney Diane Wheeler, were sanctioned for submitting an untimely brief in a murder case, *State v. Gibney*. Moreover, even limited research examining only those cases filed in 2002 showed repeated instances of late filings of briefs from the Franklin County State's Attorney's Office. Indeed, in every case that was fully briefed, a progress order had to be issued compelling the Franklin County State's Attorney's Office to produce a brief. Even so, in most cases, briefs were not filed by the deadline set forth in the progress order. In at least one case, no brief was ever filed, and the appeal was heard without the benefit of a brief from the State. This pattern of neglect has continued up to the present.

¶ 3. A hearing on this Court's show cause order was held on October 1, 2003. At the hearing, statements from representatives of the Office of the Attorney General and the Department of State's Attorneys and Sheriffs indicated that briefing and argument resources were available to support the Franklin County State's Attorney's Office if need be, but apparently the Franklin County office had not taken advantage of those resources. This Court notes that, in the past, both offices have prepared briefs and presented arguments in a timely and competent manner.

¶ 4. Attorney Hughes essentially conceded that the pattern of untimely filing of briefs from his office was the result of his failure to manage the office appropriately. He indicated, however, that he had initiated corrective measures to rectify the problems. In light of Attorney Hughes' statement that he is implementing measures to correct the problems in his office, this Court will not sanction Attorney Hughes at this time. Rather, the Court will give him an opportunity to demonstrate that the corrective measures he has initiated will result in the

timely filing of briefs from his office. Attorney Hughes is forewarned, however, that if the pattern of late filings continues, he can expect this Court to impose sanctions in the future. We emphasize that whoever is assigned to a particular case in the office, Attorney Hughes, as the state's attorney, is responsible for ensuring compliance with this Court's rules.