**STATE of Vermont v. James HUTCHINS**

[991 A.2d 1072]

No. 09-041

¶ 1. January 19, 2010. Franklin County State's Attorney James Hughes and Deputy State's Attorney Diane Wheeler are hereby fined $250 each, to be submitted to this Court on or before March 1, 2010, as a sanction for failing to comply with this Court's October 19, 2009 entry order requiring the filing of an appellee's brief in the above-captioned case by a specified date. In response to a show-cause order asking why sanctions should not be imposed, Attorney Hughes indicated that there was no excuse for the failure to comply with the order, while Attorney Wheeler stated that this particular case was an aberration and that a system is in place to file briefs in a timely manner. Our research into the timing of briefs filed by the Franklin County State's Attorney's Office over the past six years, particularly when Attorney Wheeler

is the counsel of record on appeal, indicates that there has been a recurring and persistent problem.

¶ 2. A brief history of the problems this Court has had obtaining timely briefs from Attorneys Hughes and Wheeler demonstrates the need to impose sanctions in this instance. In November 2001, this Court fined Attorneys Hughes and Wheeler jointly and severally $100 "for submitting a brief [in a murder case] beyond the time limits on the eve of argument without receiving or requesting an extension of the filing deadline." Approximately two years later, after compelling Attorney Hughes to appear before the Court to explain continuing problems with obtaining timely briefs from the Franklin County State's Attorney's Office, this Court issued a published entry order detailing the continuing problems and forewarning Attorney Hughes that further sanctions would be imposed in the future if problems with the timely filing of briefs persisted. See *State v. Forsberg*, 2003 VT 95, ¶ 4, 176 Vt. 519, 834 A.2d 721 (mem.). As noted, our research indicates that, since then, problems have persisted, particularly when Attorney Wheeler is the counsel of record on appeal.

¶ 3. Our expectations in this matter are neither complicated nor onerous. The attorney of record shall file a brief in a timely manner pursuant to V.R.A.P. 31(a), or shall file, well before the filing deadline for the brief, a permitted stipulation or a motion to extend time for the filing of the brief. On the rare occasion when the State does not intend to file a brief, the State shall indicate this intent in writing well before the filing deadline along with a specific explanation of why no brief will be filed. On such occasions, this Court reserves the right to order the filing of a brief. In the event that any of these procedures are not followed in the future, this Court will consider imposing more substantial sanctions against the attorneys involved.

¶ 4. The clerk shall send a copy of this order to the Attorney General so that office is aware that it may be asked to submit briefs in the future on behalf of the Franklin County State's Attorney's Office should the above procedures not be followed.